DICKSON v. BROWN.

(Circuit Court of Appeals, Fifth Circuit. November 9, 1925.)

No. 4687.

1. Appeal and error ⬅️655(1)—Motion to strike out purported printed transcript of record of lower court held well taken.

Where none of purported printed transcripts of record made by lower court was certified under hand of clerk of lower court and seal thereof as required by Act Feb. 13, 1911, § 1 (Comp. St. § 1656), and where purported record was incomplete, *held* motion to strike out was well taken.

2. Appeal and error ⬅️660(2)—Want of diligence in taking action to procure certified transcript of record of lower court held to preclude relief.

Where appellant delayed until after argument of case was entered upon in Circuit Court of Appeals before taking appropriate action to compel clerk of lower court to certify printed transcript of record, *held* diligence was not shown, and relief then sought should be denied.

Appeal from the District Court of the United States for the Northern District of Texas; James Clifton Wilson, Judge.

Suit by Lawrence E. Dickson against Charles H. Brown. Decree for defendant and plaintiff appeals. Appeal dismissed.

A. L. Jackson, of Fort Worth, Tex. (W. D. Benson, of Breckenridge, Tex., on the brief), for appellant.

J. M. Wagstaff, of Abilene, Tex., and H. A. Leaverton, of Breckenridge, Tex. (Wagstaff, Harwell & Wagstaff, of Abilene, Tex., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. The appellee moved the court to strike what was filed

with the clerk of this court as a printed transcript of the record of the court below in this cause, on the ground, among others, that no one of the purported printed transcripts filed by the appellant was certified under the hand of the clerk of the lower court, and under the seal thereof. Under the statute (36 Stat. 901 [Comp. St. § 1656]), the appellant was required to cause to be printed, and to file in the office of the clerk of this court, at least 20 days before the case was called for argument therein, "at least twenty-five printed transcripts of the record of the lower court, * * * one of which printed transcripts shall be certified under the hand of the clerk of the lower court and under the seal thereof." When the case was called for argument in this court, no transcript of the record of the lower court, certified by the clerk of that court, had been filed with the clerk of this court. It was disclosed that what the appellant filed with the clerk of this court purported to be printed copies of the transcript of the record of the lower court in this cause, no one of which alleged printed transcripts was certified under the hand of the clerk of the lower court. It was also disclosed that what was so printed was not a true copy of the transcript of the record in the cause which was duly certified to by the clerk of the lower court and furnished by him to the counsel for the appellant, entire orders of the lower court and other documents referred to in those orders and required thereby to be included in the certified transcript being omitted from what purported to be a printed transcript of the record.

[1] It is quite plain that the motion to strike was well taken. In the absence of authentic evidence of the record made by the lower court, of course this court could not properly undertake to review that record. When the case was called for argument in this court, there was before it no authentic evidence of the record of the lower court.

[2] During the argument and afterwards the appellant moved the court to issue a writ of certiorari to the clerk of the court below, "requiring said clerk to certify one printed copy of the record," etc. The decree appealed from was rendered on May 7, 1924, and the appeal was allowed on September 12, 1924, in time for the case to be submitted in this court at its Fort Worth term in November, 1924. It was not consistent with the exercise of due diligence for the appellant to postpone until November 3, 1925, and until after the argument of the case was entered upon in this court, the taking of any appropriate action to get before this court

a duly certified transcript of the record sought to be presented for review. Without passing on other suggested grounds for denying the motion, we think it should be denied because, before the case was called for argument the appellant had abundant opportunity to take required action to get the case properly presented for appellate review, and was at fault in failing to take appropriate and timely action to that end.

We conclude that what was filed by the appellant as a printed transcript of the record of the court below should be stricken, and that the appeal should be dismissed. And it is so ordered.